UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00160-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CALVIN CANTRELL ESTRICH, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's Motion for Bond Pending Appeal. To qualify for bond while a criminal case is on appeal, it is defendant's burden to show:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of [18 U.S.C.]; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in-
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of [18 U.S.C.], except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1)(A) and (B). In opposing such request, the government argues that defendant has not put forth any specific appellate argument in its motion that could satisfy any aspect of subsection (B)(i) through (iv). The court has closely reviewed not only defendant's

1

motion, but his non-binding "Docketing Statement" lodged in the appellate court, which raises the following issues:

1. Whether the trial court erred in denying Mr. Estrich's motions for judgment of acquittal.
2. Whether the trial court erred in applying an enhancement for Mr. Estrich's abuse of a position of trust.
3. Whether the trial court erred in denying a reduction based on Mr. Estrich having a minor role in the offense.

Estrich v. United States, No. 15-4012 (4th Cir. 2015) (Docket Entry No. 5). Clearly, defendant has not interposed the appeal for purpose of delaying service of sentence; however, the court is unable to find that any of the issues raised with the appellate circuit are *likely* to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

If such a decision was based on those factors alone, defendant would indeed receive bond while on appeal; however, the law requires the court to review the Section 3143(b)(1)(B) factors, which do not support bond. In denying this request, the court does so most reluctantly as this defendant has shown exceptional respect for the judicial process and has been a model defendant while on pretrial release.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Bond Pending Appeal (#43) is **DENIED**, and defendant shall self-report for service of his sentence as has or may be designated by the Bureau of Prisons.

Signed: January 27, 2015

Max O. Cogburn Jr.
United States District Judge