| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CALVIN CANTRELL ESTRICH,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter (#57) in which defendant asks that the Court reconsider the sentence it imposed and to determine whether a proposed amendment to the United States Sentencing Guidelines would be applicable to his sentence. Review of the docket reveals that defendant has filed a Motion to Vacate under 28 U.S.C. § 2255 (#56), which is proceeding as <u>Estrich v. United States</u>, 3:16cv646 (W.D.N.C. 2016) and has been fully briefed.

At the conclusion of trial, a jury found defendant guilty on all counts. Essentially, defendant and a co-defendant defrauded the North Carolina Division of Medical Assistance, which administers Medicaid, of hundreds of thousands of dollars. The Indictment charged defendant with 19 counts related to his health-care-fraud scheme, including conspiracy to commit health-care fraud, 18 U.S.C. §§ 1347, 1349; health-care fraud, 18 U.S.C. §§ 2, 1347; making false statements related to health care matters, 18 U.S.C. §§ 2, 1035; aggravated identity theft, 18 U.S.C. §§ 2, 1028A(a)(1); money laundering, 18 U.S.C. § 1957; and making a false statement related to a health-care-fraud investigation, 18 U.S.C. § 1001(a)(2). Indictment (#1) at 1–25.

This Court sentenced defendant to a total term of imprisonment of 63 months and entered Judgment on December 22, 2014. Judgment (#36). The Court of Appeals for the Fourth Circuit

affirmed defendant's conviction and sentence on December 9, 2015. United States v. Estrich, 624 F. App'x 99 (4th Cir. 2015). Defendant did not seek *certiorari*, making such Judgment final. According to the Bureau of Prisons, defendant has a projected release date of September 5, 2019.

First, defendant asks this Court to reconsider the sentence it imposed in 2014, based on his progress and rehabilitation while incarcerated. While the Court may correct clerical error in a Judgment at any time. Rule 36, Fed.R.Crim. P., there is no provision in the Federal Rules of Criminal Procedure which provides for reconsideration of a final judgment. Reading the letter as broadly as possible, defendant may be asking for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. A defendant may not, however, challenge his criminal judgment using the Federal Rules of Civil Procedure. United States v. Grapes, 2011 WL 195672, at *1 (4th Cir. Jan.21, 2011) (unpublished) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [Defendant] may challenge his criminal judgment.") (citing United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir.1999)); United States v. Leake, 96 F. App'x 873, 873 (4th Cir.2004) ("[Defendant] cannot challenge an order in his criminal case using the Federal Rules of Civil Procedure...."). Even if the court were to consider the request under Rule 60(b) Motion, it would be untimely as defendant filed the motion more than two years after the expiration of the time for filing a notice of direct appeal. United States v. McKelver, 225 F. App'x 185, 186 (4th Cir.2007) (affirming the dismissal of a Rule 60(b) motion as untimely because the defendant had "submitted his Rule 60(b) motion well beyond the applicable period of time provided to notice an appeal of the judgment he sought the district court reconsider"); Willis v. United States, No. 3:08cv517, 2009 WL 3150304, at *1 (W.D.N.C. Sept.30, 2009) (dismissing a Rule 60(b) motion as untimely because it "was filed more than ten days after entry of the judgment"). To the extent defendant

seeks reconsideration of the Judgment and the sentence of imprisonment contained therein, such request is denied as a matter of well settled law.

Defendant next asks this Court to consider the impact that a proposed amendment to the United States Sentencing Guidelines regarding "Acceptance of Responsibility" could have on his sentence. The United States Sentencing Commission has proposed an amendment to §3E1.1, Application Note 1 of the advisory United States Sentencing Guidelines regarding a defendant's ability to challenge relevant conduct at sentencing without losing the downward adjustment for acceptance of responsibility. The Commission has submitted to Congress the following proposal:

> A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous.

Amendments to the Sentencing Guidelines (April 30, 2018) at p. 70 (effective Nov. 1, 2018).[1] The Court has considered this to be a motion for relief under 18 U.S.C. § 3582(c)(2). This motion is, however, premature as such amendment, while adopted by the United States Commission, is presently before Congress and will not become effective until November 1, 2018. Thus, such request will be denied without prejudice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks reconsideration of the Judgment in this matter under Rule 60(b), that request is **DENIED** with prejudice as untimely. To the extent defendant seeks relief under Section 3582 based on an Amendment to the United

---

[1]     https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20180430_RF.pdf

States Sentencing Guidelines that will not be effective until November 1, 2018, such request is

**DENIED** without prejudice.

Signed: June 11, 2018

Max O. Cogburn Jr.
United States District Judge