UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-646-MOC
(3:13-cr-160-MOC-DSC-1)

| | | |
|---|---|---|
| CALVIN CANTRELL ESTRICH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 4), the Government's Response, (Doc. No. 6), and Petitioner's *pro se* Letter, (Doc. No. 7), that is construed in part as a Reply.

**I.    BACKGROUND**

Petitioner was indicted for conspiring with Joye Strong in a health care fraud conspiracy with: Count (1), health care fraud conspiracy; Counts (2)-(5), health care fraud; Counts (6)-(9), false statements relating to health care matters; Counts (10)-(17), aggravated identity theft; Count (18), money laundering; and Count (19), false statements. (3:13-cr-160, Doc. No. 1). A jury found him guilty of all counts. (Id., Doc. No. 23).

The Presentence Investigation Report ("PSR") calculated the total offense level for Counts (1)-(9), (18), and (19) as 24. This resulted from using the conspiracy base offense level of six and adding 14 levels for a reasonably foreseeable loss amount between $400,000 and $1,000,000, two levels for abusing a position of trust, and two levels for obstruction of justice. (Id., Doc. No. 26 at

1

¶¶ 74, 76, 77, 78). Petitioner had zero criminal history points and a criminal history category of I. (Id., Doc. No. 26 at ¶ 94). The advisory guideline range for those Counts was 51 to 63 months' imprisonment, plus a mandatory consecutive sentence of not less than two years each for the aggravated identity theft convictions, Counts (10)-(17). (Id., Doc. No. 26 at ¶ 116).

Defense counsel filed written Objections to the PSR arguing, *inter alia*, that enhancements for obstruction of justice and abusing a position of trust should be removed. (Id., Doc. No. 27).

At the sentencing hearing, Petitioner admitted that he had read the PSR, looked at it, was familiar with it, and filled part of it out. (3:13-cr-160, Doc. No. 44 at 2-3). He said he "didn't go over it with" counsel but "went over it by email." (3:13-cr-160, Doc. No. 44 at 3). Counsel clarified that:

> I was never ready or willing or able to meet Mr. Estrich. He just did not keep all the appointments we had. He said he had a lot of ill family members and he couldn't meet with me when he said he would come and meet with me and he wouldn't meet with me. And actually, **he got the presentence report through email on the same day it was filed**. And I reminded him when the objections were due.

(3:13-cr-160, Doc. No. 44 at 8).

Counsel asked Petitioner for his objections, which he emailed to her. (3:13-cr-160, Doc. No. 44 at 3). However, the only objection she received was Petitioner was his denial that he was "working with this lady and her companies," (3:13-cr-160, Doc. No. 44 at 9), which counsel determined would not impact the sentence, so she filed objections that she felt were appropriate. (3:13-cr-160, Doc. No. 44 at 6). Petitioner acknowledged that he understood what counsel said about his objections having no effect on the guidelines. (3:13-cr-160, Doc. No. 44 at 7).

The Court overruled Petitioner's PSR objections and imposed a below-guideline sentence of 63 months' imprisonment, comprised of 39 months on each of Counts (1)-(9), (18) and (19),

concurrent, and 24 months on each of Counts (10)-(17), concurrent with each other but consecutive to Counts (1)-(9), (18), and (19). (Id., Doc. No. 36).

Petitioner argued on direct appeal that the Government committed plain error by vouching for the credibility of a cooperating co-conspirator during closing argument. The Fourth Circuit Court of Appeals affirmed. United States v. Estrich, 624 Fed. Appx. 99 (4th Cir. 2015).

Petitioner filed the original § 2255 Motion to Vacate in the instant case on August 29, 2016, arguing that counsel was ineffective during trial preparation, at trial, and at sentencing. (Doc. No. 1). On May 1, 2017, he filed the Amended § 2255 Motion to Vacate which re-alleges the ineffective assistance claims and adds a claim of prosecutorial misconduct. (Doc. No. 4).

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, Petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was

within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong addresses whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

### (1)     <u>Ineffective Assistance of Counsel</u>[1]

#### a) <u>Pre-Trial</u>

Petitioner contends that counsel failed to adequately investigate potential witnesses, subpoena them, and call them at trial. Petitioner gave counsel the names of the witnesses during pre-trial investigation stages but counsel never interviewed or called them. They would have testified at trial and their testimony would have been "greatly beneficial" to Petitioner's case. (Doc. No. 1 at 19).

This claim is too vague and conclusory to support relief because Petitioner fails to identify the individuals whom counsel allegedly should have investigated and called to testify and has not proffered their testimony. Therefore, this claim cannot support relief. <u>See</u> generally <u>United States v. Dyess</u>, 730 F.3d 354 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court); <u>Bowie</u>, 512 F.3d at 120 (petitioner bears the burden of proof).

#### b) <u>Trial</u>

Petitioner argues that counsel provided ineffective assistance at his trial by failing to: (i) demand that the prosecutor produce W-2 tax forms or receipts of deposits into any account controlled by Petitioner, which would have established that no such documents existed and would have exonerated Petitioner; (ii) correct the prosecutor's assertion that Petitioner and co-defendant Joye Strong are blood relatives and had an employer-employee relationship; (iii) have a handwriting expert examine the signed docs that the prosecutor was using to prove Petitioner's guilt. An independent handwriting expert would have established that the signatures were not

---

[1] Petitionerd's claims have been restated and renumbered.

Petitioner's which would suggest he was not guilty of participating in any fraud scheme; and (iv) introduce a chain of emails that could have helped exonerate Petitioner, that counsel lost the emails, and now Petitioner does not know where they are.

(i) First, counsel cannot be deemed ineffective for failing to request from the Government documents that, Petitioner admits, do not exist. See generally Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (a defendant is not prejudiced if his counsel fails to make a wholly meritless objection). Moreover, Petitioner fails to explain how the absence of such documents would have been exculpatory and would have probably led to a different trial outcome. See Dyess, 730 F.3d at 354 (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court); Bowie, 512 F.3d at 120 (petitioner bears the burden of proof).

(ii)-(iv) Petitioner's remaining claims are facially insufficient to support relief. Petitioner fails to explain why challenging the existence of a familial or employer-employee relationship between himself and Strong, having a handwriting expert testify at trial, or introducing a chain of emails at trial, would have been helpful to the defense and probably would have resulted in a different trial outcome. See Dyess, 730 F.3d at 354; Bowie, 512 F.3d at 120.

c) **Sentencing**

Petitioner contends that counsel was ineffective with regards to sentencing by (i) failing to give Petitioner a copy of the PSR seven days before sentencing pursuant to Rule 32, which deprived him of the opportunity to object to "any errors, discrepancies, or miscalculations of the applicable guidelines," and led to "needless and inapplicable sentencing enhancements," (Doc. No. 1 at 18); and (ii) failing to object to adjustments to the guideline range for abuse of position

of trust and obstruction of justice even though they are clearly inapplicable, both of which increased his sentence.

(i) First, Petitioner contends that counsel was ineffective for failing to timely provide him with a copy of the PSR.

Rule 32 requires the probation officer to "give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing" unless that period is waived. Fed. R. Crim. P. 32(e)(2). The probation officer "must submit to the court and to the parties the presentence report and an addendum containing any unresolved objections, the grounds for those objections, and the probation officer's comments on them," at least seven days before sentencing. Fed. R. Crim. P. 32(g).

The Draft PSR was docketed on September 4, 2014, 94 days before the December 10, 2014, sentencing hearing. (3:13-cr-160, Doc. No. 26). The Final PSR was docketed on September 30, 2014, and the Probation Officers' Revised Recommendation was filed on October 3, 2014, 72 and 68 days before the sentencing hearing, respectively. See (3:13-cr-160, Doc. Nos. 29, 31, 44).

Petitioner's claim that he did not timely receive a copy of the PSR is refuted by the sentencing hearing transcript. Counsel noted on the record that Petitioner was provided with the PSR via email on the same day it was filed. Petitioner agreed at the hearing that he was familiar with the PSR, went over it with counsel via email, and raised objections with counsel. The record also indicates that the Final PSR was docketed well more than seven days before trial. The record does not specifically show the date on which Petitioner received the Final PSR. However, assuming *arguendo* that he received it late, this claim nevertheless fails. Petitioner has failed to demonstrate prejudice by explaining what further objections he could have raised had he received

the PSR sooner that would have probably resulted in a lower sentence. See Dyess, 730 F.3d at 354; Bowie, 512 F.3d at 120.

(ii) Petitioner's contention that counsel was ineffective for failing to object to the enhancements for abusing a position of trust and obstructing justice is conclusively refuted by the record. Counsel raised both of these issues in written objections to the PSR and at the sentencing hearing. See (3:13-cr-160, Doc. No. 27); (3:13-cr-160, Doc. No. 44 at 9-10). Petitioner's present self-serving contention that counsel failed to raise these objections is contradicted by the record and is rejected. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'"). Moreover, Petitioner fails to allege what more counsel could have done with regards to these objections that had a reasonable probability of resulting in a lower sentence. See Dyess, 730 F.3d at 354; Bowie, 512 F.3d at 120.

Therefore, Petitioner's claims that counsel was ineffective with regards to sentencing will be denied.

**(2) Prosecutorial Misconduct**

Petitioner raises the following claim in his Amended § 2255 Motion to Vacate:

> Petitioner was denied Due Process of Law and fundamental Fairness caused by the Government's prosecutorial misconduct when the Government did not honor its promise to file for a downward departure of Petitioner's sentence pursuant to Federal Rule of Criminal Procedure 35(b) based on Petitioner's substantial assistance to the Government in its prosecution of other individuals as promised and set out in the written plea agreement between the parties.

8

(Doc. No. 4 at 19).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

For an untimely claim relate back to the original timely-filed pleading, it must be shown that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Petitioner's conviction and sentence became final when the time for filing a certiorari petition in the U.S. Supreme Court expired on March 8, 2016. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (if a petitioner does not seek certiorari, "when the time for filing a certiorari petition

expires."); Clay v. United States, 537 U.S. 522, 532 (2003); U.S. Supreme Court Rule 13(1) (90 days from entry of the judgment to file certiorari petition). The one-year statute of limitations for filing a § 2255 petition therefore expired on March 8, 2017.

Petitioner timely filed the original § 2255 Motion to Vacate in the instant case on August 29, 2016, in which he raised his claims of ineffective assistance of trial counsel. (Doc. No. 1). He filed his Amended § 2255 Motion to Vacate, in which he realleged his ineffective assistance claims and raised the claim of prosecutorial misconduct for the first time, outside the one-year limit on May 1, 2017. (Doc. No. 4). Petitioner's prosecutorial misconduct claim is entirely new, does not arise from the same conduct, transaction, or occurrence as the timely ineffective assistance of counsel claims, and thus does not relate back to the timely § 2255 petition. Petitioner does not allege that any exception to the time-bar applies. Therefore, the prosecutorial misconduct claim will be dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Amended § 2255 Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 4), is **DENIED** and **DISMISSED** with prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: July 16, 2018

Max O. Cogburn Jr
United States District Judge