UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CR-00160-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CALVIN CANTRELL ESTRICH,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's "Motion for Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582 and Amendment." In this motion, defendant seeks a reduction in his sentence under "Amendment MINTUS TWO" [*sic.*] and further references his good conduct and accomplishments while incarcerated. Defendant states that such amendment to the Sentencing Guidelines became effective on November 1, 2018.

Attempting to read the pleading in a light most favorable to defendant, he may be contending that a new amendment to the United States Sentencing Guidelines provides for a two-level reduction in his case (*minus* two) and that such amendment became effective November 1, 2018. Review of this year's amendments reveals that the United States Sentencing Commission proposed an amendment to §3E1.1, Application Note 1 of the advisory United States Sentencing Guidelines. This amendment concerns the two-level adjustment for acceptance of responsibility where a defendant challenges relevant conduct at sentencing. Such amendment to the Application Note provides, as follows:

> A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility, but the fact that a defendant's challenge is unsuccessful does not necessarily establish that it was either a false denial or frivolous.

1

U.S.S.G. § 3E1.1, App. Note 1(A) (effective Nov. 1, 2018). In sum, this amendment makes it clear that a defendant does not always lose the two-level reduction where he unsuccessfully challenges offense conduct <u>at</u> <u>sentencing</u>.

That amendment has, however, no impact or application in defendant's case. Here, defendant lost the two-point reduction because he went to <u>trial</u>. The availability of that reduction is not governed by Note 1 or the 2018 amendment; instead, it is governed by Note 2, which was in effect when defendant was sentenced in 2018 and remains undisturbed. Application Note 2 provides in relevant part:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse.

U.S.S.G. § 3E1.1, App. Note 2. That note was in full force and effect at the time of sentencing and there is no basis or jurisdiction for revisiting this Court's application of Note 2 nearly four years after sentencing.

Defendant does not provide the Court with any legal reason to reduce the sentence imposed and the Court cannot find any legal reason for lowering his sentence under 18 U.S.C. § 3582. The Court is, however, impressed by defendant's reported record and listed accomplishments while incarcerated and would encourage him to continue down that path in the few months which remain on his sentence. There is, however, no relief the Court can afford.

Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Modification of Term of

Imprisonment Pursuant to 18 U.S.C. § 3582 and Amendment (#60) is **DENIED**.


Signed: November 5, 2018

Max O. Cogburn Jr
United States District Judge